**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PHILIP PROCTOR,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Civil Action No. |
| | ) | **1:23-CV-01540-SEG-CMS** |
| **CITY OF ATLANTA,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

Defendant City of Atlanta ("Defendant" or the "City") respectfully submits its Objections to the Magistrate's Final Report & Recommendation ("Magistrate's Report") [Doc. 157]. For the reasons set forth herein and for reasons set forth in all of Defendant's summary judgment briefing, Defendant respectfully requests that its Objections be sustained, its Motion for Summary Judgment be granted in full, and Plaintiff's claims be dismissed in their entirety.

A. <u>The Magistrate Judge Erred in Treating Johnson's Alleged Statements to Bryant and Woods as Direct Evidence in this Case.</u>

In order not to belabor this argument, Defendant reasserts arguments made in its opening brief [Doc. 113-1 at 13-16] and in its reply brief [Doc. 153 at 1-2].

Defendant writes to protect its objection and to reemphasize certain points. This Court has explained:

> The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment. Nevertheless, a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form. If, however, the declarant has given sworn testimony during the course of discovery that contradicts the hearsay statement, we may not consider the hearsay statement at the summary judgment phase. *The possibility that the declarant might change his sworn deposition testimony and admit to the truth of the hearsay statement amounts only to a suggestion that admissible evidence might be found in the future which is not enough to defeat a motion for summary judgment.*

*Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (emphasis added) (internal quotations and citations omitted).

Here, Plaintiff alleges that former CCI Steve Johnson told Bryant and Woods that he recommended Rehklau for the 2020 CCI position because he was younger. Johnson testified that he never made the statements in question. Proctor also admitted he never heard the comments in question; and so the alleged comments are hearsay. While Bryant and Woods can certainly appear at trial and testify, so can Johnson, who would likely deny he made the comments as per his sworn deposition testimony. The possibility that Johson might change his sworn testimony at trial and admit the truth of comments attributed to him is, as *Jones* makes clear, only a "suggestion" of future admissible evidence. *Id*. As such it is <u>not</u> clear that this evidence can be reduced to an admissible form at trial. This evidence simply cannot

be treated as direct evidence on summary judgment. *See, e.g.*, *Crawford v. Atlanta Indep. Sch. Sys.*, No. 1:16-cv-04680ELRRGV, 2018 WL 5095058, at *19 (N.D. Ga. June 22, 2018). Accordingly, the Magistrate Judge erred when she treated the evidence as direct evidence to deny Defendant's Motion for Summary Judgment. *Id*.

B. The Magistrate Judge Erred in Her Analysis of Pretext and Convincing Mosaic Evidence

The Magistrate Judge erred when she left key facts out of her analysis of whether there was pretext or a convincing mosaic of evidence supporting the denial of the City's Motion for Summary Judgment and when she improperly substituted her judgment as to the veracity of the City's legitimate business decisions.

1. *There was ample evidence that Pace did not make hiring decisions based on age.*

Here it is undisputed that Proctor, who was born in 1960 (Doc. 131 at ¶ 3), was previously passed over for the CCI position by an employee who was subordinate to him, as well as *older* in age. The record shows that Steve Johnson, who was born in 1957 (Doc. 131 at ¶ 3), was promoted to CCI although he was subordinate to Bryant and Proctor and was reporting to Proctor at the time of his promotion. (Pl. Dep. at 71:22-71:25, 78:15-78:24). Pace participated in the decision to promote Johnson over Proctor. The next time the CCI position became available, Pace selected Rehklau. Inasmuch as Pace filled the position with people *both older and younger than Proctor*, it cannot be said that age was a determinative factor as to

who would be hired. *See, e.g.*, *Mitchell v. City of LaFayette*, No. 4:10CV00118HLMWEJ, 2012 WL 12893884, at \*21 (N.D. Ga. Feb. 28, 2012) (where city retained both younger and older employees during reduction in force, plaintiffs could not show age was the reason their jobs were eliminated), *report and recommendation adopted*, No. 4:10-CV-00118-HLM, 2012 WL 12897975 (N.D. Ga. Apr. 10, 2012), *aff'd*, 504 F. App'x 867 (11th Cir. 2013). Furthermore, shortly after filling the permanent CCI position, Pace promoted Woods, who was in his 70s, to be the deputy CCI. (Woods Dep. at 129:5-129:7). There is simply no evidence that Pace was motivated by age when making hiring decisions within the department.

2. *The Magistrate Judge found pretext by improperly substituting her judgment for that of the City.*

Here, the Magistrate Judge mentioned the longevity of Proctor in his position as a principal inspector and years of supervising inspectors in comparison to Rehklau (Doc. 157 at 27) as a basis of finding pretext. However, such criteria was not articulated by the City as key to its decision making *at all*. Indeed, Pace selected Rehklau because of his: (1) ability to communicate with internal staff; (2) ability to create and adapt new processes for inspections created as a result of restrictions caused by the COVID-19 pandemic; (3) ability to communicate politely and effectively with customers seeking inspections; (4) ability to effectively manage his time; and (5) willingness to work flexible hours/be available upon short notice. (Doc. 113-1 at 7-8). Being a longtime supervising inspector simply was not a factor. That

4

the City was not relying on longevity as a supervisor as a hiring criteria is further bolstered by the fact that Johnson was also not a supervisor when the City promoted him to CCI. The court cannot find pretext by faulting an employer for failing to consider criteria it never articulated as being essential to its decision making. *See, e.g.*, *Keaton v. Cobb Cnty.*, 545 F. Supp. 2d 1275, 1293 (N.D. Ga. 2008) ("the Court [cannot] determine whether one candidate's work history is better suited for the essential functions of the [] position than the other candidate."), *aff'd sub nom. Keaton v. Cobb Cnty., GA*, No. 08-11220, 2009 WL 212097 (11th Cir. Jan. 30, 2009); *Conaway v. Gwinnett Cnty., Georgia*, No. 1:16-CV-01418, 2019 WL 2611071, at *6 (N.D. Ga. June 25, 2019) (plaintiff cannot substitute his criteria for that of the employer's criteria). The Magistrate Court overstepped in using this argument propounded by Plaintiff to conclude that summary judgment should be denied.

Likewise, it is not the Magistrate Judge's role to determine who Pace should have consulted when conducting his own investigation to determine an interim replacement. (Doc. 157 at 23-24 (questioning propriety of input from Susan Jones and not Proctor or Bryant)). Pace talked to Johnson, and not necessarily Proctor or Bryant, because he supervised everyone. Pace had also interacted with and observed Rehklau firsthand. And the fact that Jones was not an inspector does not mean she did not have meaningful information to share, especially when it was undisputed that

she interacted with Proctor, Bryant, Rehklau, and the other inspectors daily. The application of a pretext or convincing mosaic analysis does not authorize the courts to second guess legitimate and non-discriminatory employment functions. *See Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 997 (11th Cir. 2025); *Morris v. OneTrust*, No. 1:23-CV-3729-LMM-CMS, 2025 WL 2045401, at *13 (N.D. Ga. May 2, 2025), *report and recommendation adopted*, No. 1:23-CV-03729-LMM, 2025 WL 2045764 (N.D. Ga. July 9, 2025), *appeal dismissed*, No. 25-12744-H, 2025 WL 3206507 (11th Cir. Sept. 5, 2025). Yet the Magistrate has pointed to Proctor's longevity, and the value of Jones' input,[1] as a way of concluding that Pace did not make his own independent investigation about Rehklau. This was improper. *Id*.

C. The Magistrate Judge Erred in Her Analysis Imputing Bias from Johnson to Pace

Here Plaintiff has conceded that Johnson was not the decisionmaker. (Doc. 113-1 at 15; Johnson Dep. at 9:1-9:3 (Plaintiff's Counsel asserting, "I'm going to respond to that. There isn't an allegation that Steve, that Mr. Johnson was the decisionmaker")). Nevertheless, the Magistrate Judge concluded that Johnson's recommendation was sufficient to show that he "participated" in the selection of Rehklau for both the 2020 and 2021 CCI position. However, Johnson's merely

---

[1] Likewise, disregarding Kimberly Craig's participation on the selection panel for the 2021 CCI position simply because she reported to Pace is improper. She rated Rehklau highest, Proctor second highest, and Woods last. (Craig Dep. at Exs. 66-67, and 74).

giving a recommendation without any evidence that Pace was aware of his alleged age-based remarks to Bryant and Woods is not sufficient to show that age was a determinative factor.[2] This is especially true where the interviews for the permanent CCI position took place in October 2021 almost *a year after Johnson left*.[3] Other than Plaintiff's allegations, there is nothing showing that the interviews and scoring were not legitimate. There is no evidence that the panelists heard any ageist comments from Johnson. And Plaintiff asked panelist Keyetta Holmes nothing about any alleged "retirement" comments attributed to her even though he deposed her twice. Plaintiff is coasting on allegations without any actual evidence. That a plaintiff, who has the burden of proof,[4] can skate through summary judgment without gathering actual evidence from the source is disconcerting.

For the foregoing reasons, Defendant requests that its Objections be sustained and that its Motion for Summary Judgment be granted in full.

Respectfully submitted this 3rd day of February, 2026.

/s/ Diana D. Suber
Diana D. Suber
Georgia Bar No. 690724
dsuber@theemploymentlawsolution.com

---

[2] In fact, during the EEOC's investigation, Pace expressly answered "no" when asked whether anyone had complained to him regarding Johnson's alleged age-[related] comments. (Doc. 129 at 290).

[3] Based on the analysis here, the City would have been better off not opening the job to persons who were interested. That cannot be the law.

[4] *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989) ("Under the ADEA, a plaintiff ... bears the ultimate burden of proving that age was a determining factor in the employer's decision ... [not to hire] him or her.").

The Employment Law Solution, LLC
800 Mt. Vernon Hwy, NE Suite 410
Atlanta, GA 30328
Telephone: (678) 424-1380

*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

I certify that the document to which this certificate is attached was prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **PHILLIP PROCTOR,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Civil Action No. |
| | ) | **1:23-CV-01540-SEG-CMS** |
| **CITY OF ATLANTA,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 3rd day of February, 2026, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

> */s/ Diana D. Suber*
> Diana D. Suber
> Georgia Bar No. 690724
> dsuber@theemploymentlawsolution.com
> The Employment Law Solution, LLC
> 800 Mt. Vernon Hwy, NE Suite 410
> Atlanta, GA 30328
> Telephone: (678) 424-1380
>
> *Counsel for Defendant*

9