IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILIP PROCTOR,

        Plaintiff,

v.

CITY OF ATLANTA,

        Defendant.

Civil Action
File No. 1:23-CV-01540-SEG-CMS

PLAINTIFF'S REPLY TO COA'S OBJECTIONS TO
FINAL REPORT AND RECOMMENDATION (DOC 157)

COA's objections (Doc. 163) ("COA Objections") are without merit, are

fatally unspecific,[1] ask the Court to weigh the evidence and draw inferences in its

favor, rely on statements of counsel, which is not evidence at all, and should not be

sustained by this Court.

---

[1] COA purports to " . . . reassert[] arguments made in its opening brief . . . and in its reply brief." (Objections, Doc. 163, p. 1), but this fails to satisfy the specificity requirement of objections to an R&R under Fed.R.Civ.P. 72(b)(2). *Edwards v. Niagara Credit Solutions, Inc.*, 586 F.Supp. 2d 1346, 1349 (N.D.Ga. 2008) (attempting to incorporate by reference facts from briefs submitted to Magistrate Judge does "not constitute a specific written objection to the R&R"); *Walker v. Kijakazi*, 2022 WL 2389229, n. 1 at *1 (N.D.Ga. 2022) (refusing to consider arguments "adopt[ed] and incorporate[d] by reference in prior briefs to Magistrate Judge, because Court only considers specific, not "general objections").

1

<u>POINT I</u>
<u>COA DOES NOT OBJECT TO THE R&R'S FINDING</u>
<u>THAT JOHNSON'S STATEMENTS QUALIFY AS DIRECT EVIDENCE</u>

1. <u>COA Fails to Object to the Finding that</u>
<u>Johnson's Statements Constitute Direct Evidence</u>

The R&R found that Johnson's statements, if believed, qualify as direct

evidence:

> The City argues that these statements are not direct
> evidence of discrimination . . . . This argument ignores
> the fact that Johnson allegedly used the word "younger."
> A jury accepting this testimony could conclude that
> Johnson selected Rehklau because he was
> "younger" . . . . These statements, if made by someone
> involved in the decision to select Rehklau, would qualify
> as direct evidence.

(Doc. 157, pp. 13-14). COA did not object to this finding, asserting only that

Johnson's statements are inadmissible hearsay.

2. <u>COA Fails to Object to the R&R's</u>
<u>Statement that the Applicable Standard is *Involvement*</u>
<u>in the Decision Making Process</u>

The R&R (Doc. 157, pp. 15-16) noted the case law that Johnson's

statements qualify as direct evidence because he was <u>involved</u> <u>in</u> <u>the</u> <u>challenged</u>

<u>decision</u>, even though Pace was the nominal decision maker.[2] COA fails to cite any

authority that would question the R&R's articulation of the applicable standard

---

[2] COA does not challenge this case law. *Trotter v. Bd. of Trustees of Univ. of Ala.*, 91 F.3d 1449, 1453–54 (11th Cir. 1996); *Forman v. Welding Servs., Inc.*, No. 2006 WL 8431787, at *5 (N.D. Ga. Oct. 18, 2006).

2

being one of *participation*. COA acknowledges that the Magistrate Judge used the

participation standard (Doc., 163, p. 6 [COA Objections]) and writes in response:

> However, Johnson's merely giving a recommendation
> without any evidence that Pace was aware of his alleged
> age-based comments to Bryant and Woods is not
> sufficient to show that age was a determinative factor.

(*Id.*, pp. 6-7). COA cites no legal authority for its novel argument that, in addition

to showing that Johnson was involved in the decision to promote Rehklau, Proctor

also needed to show that Pace – or the panelists – were aware of Johnson's ageist

comments.[3] Rather, COA opines in a footnote, without legal authority, "[b]ased on

the analysis here, the City would have been better off not opening the job to

persons who were interested." (Doc. 163, n.3, p. 7 [COA Objections to R&R]).

The irony of COA's unsolicited opinion is that a jury reasonably could find that

this is exactly what happened:

> The evidence, viewed in the light most favorable to
> Plaintiff, suggests that the interview process . . . was a
> sham and that the City planned to hire Rehklau all along.

---

[3] COA's reliance on a statement made by Plaintiff's counsel at a deposition is insufficient because it is *not evidence* and cannot support grant of summary judgment. *Owners Insurance Co. v. Kain*, 2019 WL 355736, n.5 at *1 (N.D.Ga 2019) (on summary judgment court excluded attorney's unsworn statements made at a deposition because such alleged "evidence" is inadmissible at trial); *Edwards v. Niles Sales & Serv., Inc.*, 439 F. Supp. 2d 1202, 1231-32 (S.D. Fl. 2006 (attorneys' questions not evidence); *Bruder v. Moniz*, 51 F. Supp.3d 177, 196 (D.D.C. 2014) (counsel's unsworn statement at a deposition is not evidence).

(Doc. 157, p. 29 [R&R]). Notably, COA does not object to the R&R's finding that 2020 and 2021 employment decisions were a single employment decision. *See*, POINT III, *infra*.

    3. <u>COA Fails to Object to the Finding that Johnson<br>was Actively Involved in the Decision to Promote Rehklau</u>

The evidence supporting the finding that Johnson was involved in the decision to promote Rehklau in 2020 is i) Pace's admission to the EEOC Investigator, Carmen Bethune, ii) Pace's admission to COA's HR Representatives, Carlene Coggins and Taci Perkins, and iii) COA's own website, stating directly that Johnson made the decision to name Rehklau as his successor. COA does not challenge the R&R's finding that "Pace later confirmed at least twice that he followed Johnson's recommendation to select Rehklau for the CCI position" referring to his admissions to the EEOC and to COA's HR. (Doc. 157, p. 5). COA not only fails to object to these findings but admits that the website evidence is <u>undisputed</u>. *See*, part iii, *infra*.

    i. <u>Pace's Admission to the EEOC</u>

The R&R (Doc. 157, p. 16), cites to Doc. 129 at 289, which is EEOC Investigator Carmen Bethune's notes of her interview of Pace. The 12th bullet point on the page reads in pertinent part, "Mr. Pace told Mr. Bryant that he was taking

4

Mr. Johnsons [sic] recommendation . . ."[4] COA does not object to this finding or challenge this evidence as supporting the finding that Johnson was actively involved in the decision to promote Rehklau.

ii. Pace's Admission to COA's HR Representatives

The R&R (Doc. 157, p. 16) cites to Doc. 130 at 96, which is Carlene Coggins' memo to file re Pace's statement to Carlene Coggins and Taci Perkins:

> Given Steve's retirement suddenly, I was surprised and due to the pivotal role of the position, Steve [Johnson] gave me a recommendation. As a result, I decided to name Tim Rehklau.[5]

COA does not object to this finding or challenge this evidence as supporting the finding that Johnson was actively involved in the decision to promote Rehklau.

iii. COA's Admission on its Website

The R&R (Doc. 157, p. 16) referred to COA's website, which announced that Johnson selected Rehklau to be his replacement, citing to Pace Dep. I (Oct. 29, 2024) 59-61, Pace Dep. II (Dec. 10, 2024) 166-68, and Doc. 124-14, p. 4, which is

---

[4] Proctor cites this in his SAF, Doc. 149, No. 14, p. 4.

[5] Proctor cites this same memo as Doc. 127, p. 106, cited in SAF, Doc. 149, No. 13, p. 4. The page cited in the R&R, Doc. 130 at 96, does not contain the handwritten notation, "From Carlene Coggins HR Representative", which is on the page cited by Proctor, Doc. 127, p. 106.

the website marked as an exhibit at Pace's deposition on October 29, 2024.[6]  The

website states in pertinent part:

> . . . in December of 2020, Tim was selected by the
> previous Chief to assume the role as Interim Chief, upon
> his retirement.

It is undisputed that the "previous Chief" was Johnson. (Pace Dep. I, Doc.

124, 59:20-24).  Notably, as noted in the R&R (Doc. 157, p. 16), it is undisputed

that COA's website contained this admission. *See*, SAF Doc. 149, No. 16, p. 4;

RSAF, Doc. 153-1, p. 2, No. 16.

COA does not object to this finding or challenge this evidence as supporting

the finding that Johnson was actively involved in the decision to promote Rehklau.

Here, COA's Objections fail to cite any record evidence to contradict the

R&R's finding that Johnson's statements, if believed by a jury, amount to direct

evidence of age discrimination.  COA's Objections fail to cite *any* deposition

---

[6] Pace was deposed three times, on October 29, 2024, December 10, 2024, and April 9, 2025. The first deposition, on October 29, 2025, was Mr. Pace's deposition taken in his individual capacity, and is listed in the Docket as Doc. 124. The second deposition, on December 10, 2024, was Mr. Pace designated as the City of Atlanta's representative in a Fed.R.Civ.P. 30(b)(6) deposition, and is listed in the Docket as Doc. 125. The third deposition, on April 9, 2025, is continued testimony of Mr. Pace as the City's designated representative in the 30(b)(6) deposition, and is listed in the Docket as Doc. 147.  The R&R refers to the first deposition, taken on October 29, 2024, as Pace Dep. I. Proctor, in his SAF, Doc. 149, refers to Pace's first deposition, taken on October 29, 2024, as Pace Dep. The R&R refers to the second deposition, taken on December 10, 2024, as Pace Dep. II. Proctor, in his SAF, refers to that deposition as Pace I 30(b)(6) Dep.

testimony: Johnson's, Bryant's or Woods'.  COA's note that Johnson denied the ageist statements at his deposition does not constitute an argument that the words attributed to him by Bryant and Woods at *their* depositions cannot amount to direct evidence of age discrimination. Direct evidence is not limited to admissions. It is hardly surprising that a person who discriminates unlawfully now denies that he did so, whether or not the denial is under oath. A jury does not have to believe him. And the R&R properly found that Johnson's statements constituted direct evince of age discrimination precisely because, at a trial, the jury could decide to believe Bryant and Woods, and <u>not</u> Johnson.

<u>POINT II</u><br>
<u>JOHNSON'S STATEMENTS MAY BE CONSIDERED</u><br>
<u>ON SUMMARY JUDGMENT BECAUSE BRYANT AND WOODS</u><br>
<u>CAN TESTIFY TO THEM AT PROCTOR'S TRIAL</u>

COA objects **only** on the basis that Johnson's statements are hearsay as regards Proctor because <u>Proctor</u> did not personally hear them. Thus, COA did not object to the R&R's finding of direct evidence in *Bryant*. 1:23-cv-01539-SEG-CMS, Doc. 181. As the R&R noted, it is settled law that Johnson's statements can be considered on COA's motion for summary judgment because they could be reduced to admissible evidence since Bryant can testify at Proctor's trial. (Doc. 157, n. 7, p. 10; n. 8, p. 14 [R&R]); *Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2013). Eric Woods can also testify at trial to Johnson's ageist statements. (SAF, Doc. 149, No. 4, p. 3).

7

COA misconstrues *Jones v. UPS Ground Freight* and *Crawford v. Atlanta Indep. Sch. Sys.,* 2018 WL 5095058 (*N.D. Ga. June 22, 2028). On appeal when asked about evidence of discrimination, the only evidence the plaintiff's counsel referred to was an email from the local manager to the employer's HR department which stated that , ". . . Mr. Jones 'said they make racial remarks to him all the time.' " *Jones*, 683 F.3d at 1293. However, at his deposition, Jones testified there were no such remarks. *Id.*[7] COA has it backwards, because the issue in *Jones* was whether the statement could be reduced to admissible evidence at trial by the *plaintiff* changing his deposition testimony. There was no other witness who might have heard the remarks in question and could testify to them at trial[8], unlike here, where Bryant and Woods could each testify at Proctor's trial. Whether *Johnson* might change his testimony at trial is immaterial since Bryant and/or Woods can testify to their personal knowledge of Johnson's ageist statements.

COA's reliance on *Crawford v. Atlanta Indep. Sch. Sys*. is misplaced because there the Court held that a statement by a non-decisionmaker (Wheeler) was ambiguous and therefore could not constitute direct evidence. The Court also

---

[7] " . . . Mr. Jones himself testified that the only time any racial comments had been made in his presence was when Terrell did so early in his year-long employment." *Jones,* 683 F.3d at 1293.

[8] "The record, however, contains no indication of any 'witness with personal knowledge who will testify [to this] at trial.' " *Jones*, 683 F.3d at 1294 (brackets in original).

rejected the plaintiff's attempt to rely on a double hearsay statement, where the

alleged speaker to the plaintiff (Franklin) denied that he had heard the alleged

discriminatory remark by Wheeler.

POINT III
COA DOES NOT OBJECT TO THE R&R's FINDING THAT A JURY COULD
FIND THAT THE 2020 AND 2021 CCI EMPLOYMENT DECISIONS
CONSTITUTED A SINGLE EMPLOYMENT DECISION.

The R&R, p. 21, finds that,

> . . . evidence, viewed in the light most favorable to
> Plaintiff, could allow a jury to find that the City's posting
> and interview process were just for show and that the
> City planned all along to keep Rehklau as the permanent
> CCI. A reasonable jury could conclude that the original
> 2020 decision to hire Rehklau remained the applicable
> employment decision, and that the direct evidence of age
> discrimination regarding the 2020 CCI Position
> (Johnson's ageist comments) also constituted direct
> evidence for the 2021 CCI Position, regardless of
> Johnson's retirement.

(Parentheses in original).  COA does not object to this finding.

The R&R cites the following evidence to support this finding:

1) Pace's memo about "when" Rehklau will be made permanent p. 20, cites,

Doc. 130 at 91, Pace Dep. I (Doc. 124) 113-14. SAF, Doc. 149, No. 17, cites to

Doc. 127, p. 107, Pace Dep. Doc. 124 113:13-114:19.[9]  This is the same memo,

---

[9] COA misrepresents this email. COA writes, "Pace's email to Coggins refers to
the salary adjustment Rehklau would receive if he is successful in his interim role."
(RSAF, Doc. 153-1, pp. 2-3.The email clearly refers to **when** Rehklau is appointed
permanent CCI. The R&R specifically refers to the use of the word "when" in the

found in two different places in the record. Proctor added, as SAF No, 18, that

Pace could not explain why his December 8, 2020 email to Sederoff listing

positions to be posted omitted "permanent" CCI and why it took until April 16,

2021 to post it; citing, Pace I 30(b)(6) Dep.,[10] Doc. 125, 171:18-175:15, Doc. 125-

16 (Pace's email), and Pace Dep.[11], Doc. 124, 63:21-65:24.

2) The "permanent" CCI was not posted until after EEOC charge, R&R..p.

20. The R&R does not specifically cite record evidence supporting this, but Proctor

does. SAF, Doc. 149, No. 20, p. 4, citing Proctor Dep. Doc. 119 12:7-12; Bryant

Dep. Doc.118, 13-1-3.

3) Rehklau not told he was "interim" until April 2021.  The R&R notes that

Rehklau was not told that he had been promoted into an "interim" position when

he was promoted in December 2020 and was first told that he needed to "apply"

for a "permanent" CCI position in April 2021. (R&R, pp. 20-21).  The R&R cites

---

email. (*Id*.) COA does not respond to that. The use of the word "if" refers to a
possible salary adjustment, not to whether Rehklau would be made permanent.
While Rehklau might or might not receive a salary adjustment, the email is
unambiguous that he would be named as permanent CCI. The interpretation COA
urges only makes sense if Pace had written, ". . . if he is appointed permanent in
this position" which he did not. Since all reasonable inferences must be drawn in
*Proctor's* favor, this Court must reject COA's interpretation.

[10] The R&R refers to this deposition, taken on December 10, 2024, as Pace Dep. II.
*See*, n. 6, *supra*.

[11] The R&R to this first deposition, taken on October 29, 2024, as Pace Dep. I. *See*,
n. 6, *supra*.

EEOC Investigator Carmen Bethune's notes of her interview of Rehklau, Doc. 129 at 288.

COA does not object to the R&R finding each of these items of evidence, separately and together could support a reasonable jury finding that the 2020 and 2021 CCI employment decisions constituted a single employment decision.

<u>POINT IV</u>
<u>COA IMPROPERLY URGES THE COURT TO WEIGH THE EVIDENCE AND DRAW INFERENCES IN ITS FAVOR</u>

COA's argument (Doc. 163, p. 3 [COA Objections to R&R]) that the decision to promote Rehklau over Proctor in 2020 was not age discrimination because before that, Johnson was also promoted over Proctor and Johnson is older than Proctor, is an argument that COA needs to make to the jury. COA's argument does not object to any specific finding in the R&R, but relies on what it believes to be favorable evidence, improperly asking this Court to weigh the evidence. COA's reliance on *Mitchell v. City of LaFayette*, 2012 WL 12893884 (N.D.Ga. Feb. 28, 2012), *report and recommendation adopted*, 2012 W: 12897975 (N.D. Ga. Apr. 10, 2012), *aff'd.*, 504 Fed. App'x 867 (11th Cir. 2013) <u>ignores the salient distinctions</u> that in *Mitchell*, "Plaintiffs concede that they have no direct evidence of age bias " at *17, and the Magistrate Judge's finding that there was an " . . . absence of any age-biased comments . . ." at *23. Moreover, *Mitchell* was a reduction in force (RIF) case, which this case is not. A RIF case has different

*prima facie* case elements which the Magistrate Judge found the plaintiffs did not meet. The Magistrate Judge in *Mitchell* did not use the convincing mosaic analysis. *Mitchell* is totally inapposite here, and establishes only that an ADEA plaintiff in a RIF case needs more than the mere fact that younger employees were retained.

COA's argument about Pace previously hiring Johnson, does not entitle COA to summary judgment even were *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to be the only applicable standard, which it is not under *Ismael v. Roundtree*, 161 F.4th 762 (11th Cir. 2025). *Moore v. Sears, Roebuck & Co.*, 464 F. Supp. 357, 361 (N.D. Ga. 1979) (replacement of plaintiff with other members of protected class does not entitle defendant to summary judgment). COA essentially seeks a "same actor inference," which <u>does not</u> mandate summary judgment:

> [T]he idea that a mandatory inference must be applied in favor of a summary-judgment movant whenever the claimant has been hired and fired by the same individual ... strikes us as being contrary to the Supreme Court's opinion in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) [parallel citations omitted] . . . . Although the factfinder is permitted to draw this inference, it is by no means a mandatory one, and it may be weakened by other evidence.

*Wexler v. White's Fine Furniture, Inc.,* 317 F.3d 564, 573 (6th Cir.2003)[12]; *Wilson v. HD Supply Mgmt., Inc.,* No. 3:09-1021, 2011 WL 1397531, at *11–12 (M.D.

---

[12] "Our sister circuits are split on the amount of weight that should be given to the same-actor inference" *Wexler*, 317 F.3d at 573.

Tenn. Apr. 13, 2011) (denying summary judgment based on "same actor" inference where same actor and others "split" layoff decision). If COA wants to make a same actor type inference argument, it must do so to a jury.

COA also urges this Court to weigh the evidence – and draw inferences in *COA's* favor – by pointing to the fact that, although Woods was also rejected for the CCI position in 2021, he was subsequently given a *subordinate* position of *Deputy* CCI. (COA Objections, Doc. 163, p. 4). This argument is also for a jury.

Plaintiffs' counsel was not required to question Keyetta Holmes about her ageist statements recorded by Ms. Sederoff, which is a non-hearsay business record.[13] COA cites no legal authority for its implied assertion that Proctor was required to show that the panelists were aware of Johnson's ageist comments. Holmes' statement made as an interview panelist regarding the 2021 CCI position is direct as well as circumstantial evidence of age discrimination, equally applicable to Bryant. *Bass v. Bd. of Cnty. Comm'rs, Orange Cnty., Fla.*, 256 F.3d 1095, 1105 (11th Cir. 2001) (interview panelist statements). COA's claim that, ". ". . . [t]here is nothing showing that the interviews and scoring were not legitimate" (Doc. 163, p. 7) is contradicted by SAF Nos. 21 and 22 (Doc. 149).

---

[13] Pace admitted that a statement by Holmes about it being a problem hiring Proctor who had retired, would be concerning. Pace Dep. II, 219:10-22. *See*, n. 6, *supra*.

<u>POINT V</u>
<u>COA IMPROPERLY CONFLATES THE *McDONNELL DOUGLAS* ANALYSIS
WITH A CONVINCING MOSAIC ANALYSIS.</u>

COA's conflation of these two very different standards is reflected in COA's subtitle in its objection, purporting to discuss the Magistrate Judge's ". . . Analysis of Pretext <u>and</u> Convincing Mosaic Evidence." (COA Objections, p. 3) (Emphasis added). <u>All</u> of COA's discussion – and case law – on pp. 3-6 is about *McDonnell Douglas,* without any discussion of the convincing mosaic analysis.

In its Objections, COA completely ignores *Ismael, Smith v. Lockheed-Martin Corp*., 644 F.3d 1321 (11th Cir 2011), and *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 941 (11th Cir. 2023), which establish that the "convincing mosaic" is the operable standard, <u>not</u> *McDonnell Douglas*. *Ismael*, 161 F.4th at 760. Thus, Proctor is <u>not</u> required to establish pretext to survive summary judgment. *Id*. at 761-763. Proctor's longevity and Pace's consultation with Susan Jones, who is not qualified to evaluate building inspectors, but nevertheless expressed that neither Proctor nor Bryant should be CCI because they would be retiring, only further contributed to the mosaic demonstrating age discrimination.

COA cites *Jimenez v. U.S. Attorney General*, 146 F.4th 972 (2025) for the proposition that, ". . . application of a pretext or convincing mosaic analysis does not authorize the courts to second guess legitimate and non-discriminatory employment functions." (COA Objections , p. 6). That assertion is not contained

in the Eleventh Circuit's decision; it is COA's self-serving parenthetical.  While a Court clearly cannot second-guess a legitimate non-discriminatory decision, it is required to consider whether there is sufficient record evidence to allow a reasonable jury to conclude that the decision constituted unlawful age discrimination:

> No matter which framework the employee pursues, we must answer the same "ultimate question"—"whether there is enough evidence to show that the reason for an adverse employment action was illegal discrimination."

*Jimenez,* 146 F.4th at 997, *citing*, *Tynes,* 88 F.4th at 941. *Morris v. OneTrust*, 2025 WL 2045401 (N.D. Ga. May 2, 2025), is irrelevant to the R&R, since it relies exclusively on *McDonnell Douglas*, without considering any convincing mosaic.[14]

## POINT VI
### COA DOES NOT OBJECT TO THE MAGISTRATE JUDGE'S FINDING THAT, UNDER A CAT'S PAW THEORY, A JURY COULD FIND THAT PACE JUST "RUBBER STAMPED" JOHNSON'S RECOMMEDATION.

The R&R (Doc. 157, pp. 16-19), found that that the "cat's paw" theory of liability is applicable here and that Johnson's statements therefore constitute direct evidence of age discrimination. COA failed to object to this finding.

---

[14] The R&R in *Morris* was issued by the same Magistrate Judge who issued the R&R in this case.  *Morris*' R&R was decided before *Ismael*, which the Magistrate Judge here, indicated is an appropriate standard, and which she relied on to recommend denying summary judgment. Presumably, if the same Magistrate Judge were to consider *Morris* under *Ismael* today, she would use the convincing mosaic analysis approved in *Ismael*, which might result in a different recommendation.

CONCLUSION
THE FINAL REPORT AND RECOMMENDATION (DOC. 157) SHOULD BE ADOPTED IN ITS ENTIRETY, WITH THE CORRECTIONS TO THE RECORD NOTED IN PROCTOR'S OBJECTIONS (DOC. 162) AND ACCORDINGLY, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED IN ITS ENTIRETY.

This 17th day of February 2026.

/s/Robert N. Marx
Robert N.  Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
(404) 261-9559
lawyers@marxlawgroup.com
jeannie.marx@marxlawgroup.com

*Attorneys for Plaintiff*

Certificate of Compliance

The foregoing meets the requirements of Local Rule 5.1 and has been

prepared in Times New Roman 14-point type.

/s/Robert N. Marx
Robert N. Marx Esq.
Georgia Bar No. 475280

16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILIP L. PROCTOR,

          Plaintiff,

v.

CITY OF ATLANTA,

          Defendant.

Civil Action
File No. 1:23-CV-01540-SEG-CMS

Certificate of Service

This is to certify that on February 17, 2026, I electronically filed: ***Plaintiff Philip L. Proctor's Response to Defendant's Objections to the Magistrate's Final Report and Recommendation (Doc. 163),*** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Diana Suber
> dsuber@theemploymentlawsolution
> The Employment Law Solution
> 800 Mt. Vernon Highway, N.E.
> Suite 410
> Atlanta, GA 30328

Respectfully submitted, this 17th day of February 2026.

17

 /s/Robert N. Marx
Georgia Bar Number 475280
Attorneys for Plaintiff
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
(404) 261-9559
lawyers@marxlawgroup.com
jeannie.marx@marxlawgroup.com