**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PHILIP PROCTOR,** | **)** | |
| | **)** | |
| *Plaintiff,* | **)** | |
| | **)** | |
| **v.** | **)** | Civil Action No. |
| | **)** | **1:23-CV-01540-SEG-CMS** |
| **CITY OF ATLANTA,** | **)** | |
| | **)** | |
| *Defendant.* | **)** | |
| | **)** | |
| | **)** | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S OBJECTIONS TO
<u>THE FINAL REPORT & RECOMMENDATIONS</u>**

Defendant City of Atlanta ("Defendant" or the "City") submits this response
to Plaintiff's Objections to the Magistrate Judge's Final Report & Recommendation
[Doc. 162]. For the reasons set forth below, Plaintiff's first, second, third, and fifth
objections should be overruled. The fourth objection may be sustained, but it is
ultimately immaterial.

### A. Plaintiff's First and Second Objections Concerning the 2021 CCI Interview Scores and Interview Process Should be Overruled.

Plaintiff's primary objection concerns the Magistrate Judge's finding that Tim
Rehklau received the highest score in the 2021 Chief Combination Inspector ("CCI")
interviews. Plaintiff asserts that the interview score sheets are "unreliable" and that

the Magistrate Judge improperly credited the City's evidence. This argument is meritless. As established in the City's Motion for Summary Judgment [Doc. 113] and Reply Brief [Doc. 153], the record contains uncontroverted evidence that Rehklau received the highest combined score from the interview panel. Plaintiff's so-called evidence of "shuffling" score sheets or duplicate score sheets only pertains to the score sheet for Eric Woods filled out by panelist Keyetta Holmes. The summary scorecard for all candidates indicating that Rehklau had the highest score and that Plaintiff had the second highest score has not been shown to be false or inaccurate by any evidence in the record. This same summary scorecard was available to the EEOC investigator, so whether or not she had access to each individual score sheet at the time of her investigation is immaterial. There is simply no basis to change the Magistrate Judge's finding of fact that Rehklau had the highest score of the three candidates interviewed for the CCI position.

Similarly, there is no evidence that the Magistrate Judge failed to consider the score sheet evidence proffered by Plaintiff. Rather, as indicated above, the evidence simply did nothing to support Plaintiff's main goal in challenging Rehklau's receipt of the highest score. Furthermore, inasmuch as Plaintiff has prevailed on summary judgment, it is not for Plaintiff to insist that the Magistrate Judge make express factual findings that the process was unreliable or that certain witnesses were not

2

credible. Such ultimate findings are for the trier of fact, i.e., the jury, at this point. Accordingly Plaintiff's objections one and two should be overruled.

### B. Plaintiff's Third Objection Should be Sustained.

At the time Woods applied for the CCI position in 2021, he had a job title that was subordinate to Plaintiff and Larry Bryant, and was not supervising anyone. Such fact is ultimately immaterial, however, because status as a supervising inspector was not a criteria for being considered for the CCI position. [Doc. 153 at 8-9]

### C. Plaintiff's Fourth Objection Concerning Rehklau's Supervisory Experience Should be Overruled.

Plaintiff objects to the Magistrate Judge's findings regarding Rehklau's supervisory experience in comparison to his own experience as a supervising building inspector. The record showed that Rehklau had prior experience supervising employees. [Doc. 133-1 at ¶¶ 6-8 ] In addition, Rehklau, as well as Plaintiff, met all minimum qualifications for the CCI position. [Doc. 119-3] The City has never treated an inspector's non-supervisory status as a disqualifier to be CCI. [*See* Doc. 153 at 8-9] For example, Steve Johnson was not a supervisor and was subordinate to Plaintiff and Bryant when he became CCI. Accordingly, this objection should be overruled.

### D. Plaintiff's Fifth Objection About Hearsay Should Be Overruled.

Kim Sederoff's notes, which attribute specific statements to another person, Keyetta Holmes, are hearsay. Notably, Plaintiff had the opportunity to depose

3

Holmes twice and never asked her about the accuracy of Sederoff's notation or anything about the context of her purported statement about Plaintiff's retirement status at the time he interviewed for the CCI position. Whether Plaintiff can travel under an exception or otherwise reduce the notes to an admissible form is an issue to be resolved for trial and not on summary judgment. Accordingly, Plaintiff's fifth objection should be overruled.

Respectfully submitted this 17th day of February, 2026.

/s/ Diana D. Suber
Diana D. Suber
Georgia Bar No. 690724
dsuber@theemploymentlawsolution.com
The Employment Law Solution, LLC
800 Mt. Vernon Hwy, NE Suite 410
Atlanta, GA 30328
Telephone: (678) 424-1380

*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

I certify that the document to which this certificate is attached was prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **PHILLIP PROCTOR,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Civil Action No. |
| | ) | **1:23-CV-01540-SEG-CMS** |
| **CITY OF ATLANTA,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 17th day of February, 2026, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

> */s/ Diana D. Suber*
> Diana D. Suber
> Georgia Bar No. 690724
> dsuber@theemploymentlawsolution.com
> The Employment Law Solution, LLC
> 800 Mt. Vernon Hwy, NE Suite 410
> Atlanta, GA 30328
> Telephone: (678) 424-1380
>
> *Counsel for Defendant*

5